IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JIN CHEN,[1]

    Petitioner,

v.                                                                Civil Action No. 3:12cv94
                                                                       (Judge Groh)

RUSSELL PURDUE, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

On September 11, 2012, the *pro se* petitioner filed a petition under 28 U.S.C. § 2241. The petitioner, a federal inmate housed at FCI Gilmer in Glenville, West Virginia, is raising claims of ineffective assistance of counsel and of the inadequacy of 28 U.S.C. § 2255 proceedings; and challenging certain U.S.S.G. enhancements to his sentence, which was imposed in the Southern District of New York. After a Notice of Deficiency was issued, petitioner filed his petition on a court-approved form on September 21, 2012. Petitioner was granted permission to proceed *in forma pauperis* ("IFP") on October 17, 2012, and on October 26, 2012, he paid his filing fee. This matter is pending before me for an initial review and Report and Recommendation pursuant to 28 U.S.C. §§1915, 1915A, and LR PL P 2.

### I. Factual and Procedural History

**A. Conviction and Sentence**

---

[1] Although the petitioner filed his §2241 petition listing his name in the style of the case as "Chen Jin," it appears from a review of the petitioner's criminal docket in the Southern District of New York, and the multiple motions and appeals he has filed in the 2nd Circuit Court of Appeals, that his name is actually "Jin Chen." Apparently adhering to Chinese custom, petitioner signs his name by writing his last name first. Illustrative of that custom, petitioner typed his name correctly on the certificate of service to the present §2241 petition as "Jin Chen," but then signed it "Chen Jin."

On May 7, 2003, petitioner was named in eight counts of a sealed indictment in the Southern District of New York. On February 25, 2004, pursuant to a plea agreement, petitioner entered a plea[2] to two counts of conspiracy to commit robbery in violation of 18 U.S.C. §1951, and one count of brandishing a firearm during and in relation to a crime of violence,[3] in violation of 18 U.S.C. § 924(c). Petitioner and the Government stipulated to an offense level of 25,[4] a criminal history of II and a sentencing range of 147 to 162 months imprisonment.[5] On March 28, 2005, petitioner was sentenced to 147 months imprisonment, the bottom of the sentencing range; five years of supervised release; assessed a $300.00 assessment and directed to pay $5,700.00 in restitution. (S.D.N.Y. Dkt.# 76) (1:03cr567-DC).

**B. Direct Appeal**

Petitioner did not initially appeal his conviction.

**C. First §2255 Motion**

---

[2] Pursuant to the plea agreement, **petitioner expressly agreed not to** "**file a direct appeal from, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241,** any sentence within or below the Stipulated Sentencing Guidelines Range set forth above (147 to 162 months). (S.D.N.Y. Dkt.# 98 at 3) (1:03cr567-DC)(emphasis added).

[3] In December 2000 and January 2001, petitioner, a Chinese national, and fourteen other Chinese defendants planned and executed two separate robberies, one in New Jersey and one in Arizona. The December 2000 robbery was carried out at a home in New Jersey; Chen admitted using a firearm during this robbery and admitted that he and his co-conspirators had agreed to use force or the threat of force. The January 15, 2001 robbery was carried out at a home in Phoenix, AZ; again, petitioner admitted that he and his co-conspirators had agreed in advance to use force or the threat of force to carry it out. (S.D.N.Y. Dkt.# 98 at 2)(1:03cr567-DC).

[4] The Probation Officer who subsequently prepared petitioner's PreSentence Investigation Report ("PSR") determined that the offense level stipulated to by the parties did not accurately reflect the facts of the case and recommended an additional 1-level increase for Count 18 because "two handguns were taken during the course of the offense." The final offense level was calculated by taking Count 18, the count with the highest offense level, and increasing it pursuant to §3D1.4. The other counts added up to a total of 1 ½ units, adding another offense level, resulting in an adjusted level of 29. Finally, the final offense level was adjusted downward 3 levels for acceptance of responsibility, giving a final offense level of 26, one level above the stipulated offense level of 25. Accordingly, the Probation Officer recommended a guideline range of 154-171 months, rather than 147-162 months, and the imposition of a sentence of 154 months imprisonment. (S.D.N.Y. Dkt.# 98 at 4 – 5)(1:03cr567-DC).

[5] Per the Bureau of Prisons' "Inmate Locator," petitioner has a projected release date of April 20, 2014. See: http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=55292-054&x=51&y=22

On March 22, 2006, petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the Southern District of New York.[6] (S.D.N.Y. Dkt.# 118)(1:03cr567-DC)(1:06cv2243). By Memorandum Decision entered October 6, 2006, the §2255 motion was dismissed as procedurally barred, because petitioner had waived the right to appeal or otherwise challenge his sentence and even if he had not, his arguments were without merit.[7] The District Court declined to issue a certificate of appealability, specifically noting that any appeal taken would not be in good faith. Undeterred, petitioner moved in the 2nd Circuit Court of Appeals for a certificate of appealability; to proceed IFP; and for appointment of counsel in order to appeal the District Court's order denying his §2255 motion. By Order entered June 26, 2007, the 2nd Circuit Court of Appeals granted petitioner's motions for a certificate of appealability and to proceed IFP for the purposes of remand, and remanded the case for a review of petitioner's claim that counsel was ineffective for failing to file a notice of appeal, in light of the 2nd Circuit's decision in Campusano v. United States, 442 F.3d 770, 773-77 (2nd Cir. 2006). (2nd Cir.)(07-0602).

Accordingly, on remand, on December 17, 2007, the District Court entered an Order directing petitioner's trial counsel to submit an affidavit regarding whether petitioner had asked him to file a notice of appeal and to provide the details thereof. On December 21, 2007, having

---

[6] Petitioner's first §2255 motion argued that: he was denied the right to appeal his sentence; he was unlawfully sentenced for participating in two conspiracies when they were really only one; his sentence was unlawfully enhanced under the Sentencing Guidelines; he was unlawfully sentenced for participating in a crime of violence; he was unlawfully charged and convicted of a federal crime; he was denied effective assistance of counsel; and he was denied the right to choice of counsel. (S.D.N.Y. Dkt.# 98)(1:03cr567-DC).

[7] *Inter alia*, petitioner claimed his sentence was unlawfully enhanced under the sentencing guidelines because the "conduct of brandishing a firearm during and [in] relation to a crime of violence was wrongfully used to increase the base offense level and sentencing range." According to Chen, the Court improperly made this finding of fact, and then used this, as well as other findings, to unlawfully enhance . . . [his] sentence[.]" (S.D.N.Y. Dkt.# 98 at 15) (1:03cr567-DC)(internal quotations omitted). The Court noted that Chen's argument was easily refuted because the Court had made no findings of fact. "Rather, it was defendant who admitted to brandishing a firearm during his plea allocution . . . Thus, the Court properly took the weapons charge into account when sentencing Chen, as Chen pled guilty to this charge pursuant to his plea agreement. Id.

learned that petitioner's trial counsel had died approximately a year earlier, because there was no longer anyone to contradict petitioner's claim regarding having instructed counsel to file a notice of appeal and there was no objection from the Government, the District Court found that petitioner had so instructed counsel, and permitted him to file a direct appeal.

**D. Direct Appeal Granted**

On appeal, appellate counsel argued that the appellate waiver in petitioner's plea agreement did not preclude petitioner's right to challenge the procedural and substantive reasonableness of his sentence. By Order entered August 29, 2008, the 2nd Circuit Court of Appeals granted the Government's motion to dismiss the appeal based on petitioner's waiver of the right to file it, and in a summary order, dismissed the appeal. (2nd Cir.)(08-0268). Petitioner did not petition the Supreme Court for a writ of *certiorari*.

**E. Second §2255 Motion**

On December 18, 2009, petitioner filed his second Motion to Vacate under 28 U.S.C. §2255 in the Southern District of New York, arguing that his right to due process was violated by the calculation of his sentence; the court lacked jurisdiction to punish him based on facts not admitted or charged; and counsel provided ineffective assistance, for failing to challenge defects in the plea agreement. (S.D.N.Y. Dkt.# 118)(1:03cr567-DC)(1:09cv10278). By Memorandum Decision entered on November 22, 2011, petitioner's §2255 motion, was denied[8] because petitioner had validly waived the right to file it, pursuant to the plea agreement's waiver.[9] Again,

---

[8] Petitioner's second §2255 petition was held to be timely and not second or successive, because his initial §2255 motion had simply restored his direct appeal. (S.D.N.Y. Dkt.# 130 at 9)(1:03cr567-DC).

[9] On November 8, 2011, in his then-pending second §2255 motion proceedings, petitioner filed a motion titled District Court Inherent Authority to Grant Bail, requesting bail so that he could be deported back to China. (S.D.N.Y. Dkt.# 129)(1:03cr567-DC). This motion was terminated in the Court's November 22, 2011 Memorandum Decision denying the second §2255 motion. On December 8, 2011, apparently unaware that the November 22, 2011 Memorandum Decision had already been entered, denying the second §2255 motion, petitioner filed another motion in those proceedings, titled Permission for a Writ of Mandamus or in the Alternative, a Writ of Prohibition, seeking

the District Court declined to issue a certificate of appealability and noted that any appeal taken would not be in good faith. (S.D.NY Dkt.# 130) (1:03cr567-DC). Despite that, ultimately, petitioner was permitted to appeal the denial of the §2255 motion.[10] (2nd Cir. 12-2289). On June 6, 2012, the 2nd Circuit entered an Order, directing that the appeal would be dismissed if petitioner did not move for a certificate of appealability by June 27, 2012. (2nd Cir. Dkt.# 6)(12-2289). Petitioner moved for the certificate of appealability on June 25, 2012. On October 26, 2012, the 2nd Circuit denied petitioner's motion for a certificate of appealability because petitioner had not made a "substantial showing of the denial of a constitutional right." 2nd Cir. Dkt.# 36)(12-2289).

F. **Other Collateral Proceedings**

On July 11, 2011, petitioner filed a *pro se* Motion for Modification of Sentence or in the Alternative, Correction of Sentence, pursuant 18 U.S.C. §3582(c)(2).[11] (S.D.N.Y. Dkt.#

---

to compel the Magistrate Judge to render final decisions in the §2255 proceedings and his pending 18 U.S.C. 3582(c)(2) proceedings. By Order entered December 23, 2011, the motion was denied because it was unclear what relief he was seeking or the basis on which he sought it; the November 22, 2011 decision had mooted it; and the Magistrate Judge had never been assigned to his case. On April 23, 2012, petitioner filed a Notice of Appeal of the December 23, 2011 Order denying the writ of mandamus as moot. On July 5, 2012, the appeal was dismissed for failure to pay the filing fee or move to proceed IFP. On July 20, 2012, petitioner filed a motion to reinstate the appeal and to proceed IFP. On August 7, 2012, the 2nd Circuit Court of Appeals dismissed the motion to reinstate the appeal, noting that the appeal was frivolous and denied the motion to proceed IFP. (2nd Cir. Dkt.# 23)(12-2291).

[10] On January 23, 2012, in the 2nd Circuit Court of Appeals, petitioner sought a writ of mandamus directing the District Court to rule on his (second) §2255 motion, his motion to amend his sentence under 18 U.S.C. §3582, his motion for leave to proceed IFP, and his motion for bail. By Order entered March 2, 2012, petitioner's mandamus petition was denied as moot, because the District Court had already decided the motions in its November 22, 2011 Memorandum Decision. Because it appeared that, by oversight, the District Court's November 22, 2011 Memorandum Decision had never been sent to petitioner, the 2nd Circuit noted that its order did not prevent Chen from filing a motion pursuant to Fed. R. Civ. P. 60(b) or pursuant to Fed. R. App. P. 4(a)(6). (2nd Cir.)(12-0297).

Accordingly, in a March 6, 2012 letter to the District Court, Chen asked the Court to reopen the case under Rule 60(b) because he had not received the November 22, 2011 decision in time to file a timely notice of appeal. Pursuant to the 2nd Circuit's March 2, 2012 Order, on April 5, 2012, the District Court entered an Order construing Chen's March 6, 2012 letter as a Rule 4(a)(6) motion to reopen the time to file a notice of appeal from the District Court's November 22, 2011 order. (S.D.N.Y. Dkt.# 133)(1:03cr567-DC). On March 13, 2012, the March 6, 2012 letter was docketed as a timely notice of appeal of the November 22, 2011 order denying the §2255 petition.

[11] Petitioner had not been convicted of any crack cocaine offenses, so it is unclear why he chose to file this particular format for sentencing relief.

5

126)(1:03cr567-DC). On September 22, 2011, he filed a Motion to Amend his pending Motion Pursuant to 3582(c)(2). On November 22, 2011, the Court ordered both motions terminated in the Memorandum Decision denying the second §2255 motion.

## II. Claims Raised by the Petitioner

Although the petitioner raises four grounds in his petition, they are merely the same grounds repeatedly reiterated using different language; accordingly they have been condensed here for clarity and expediency into one:

1) his sentence is illegal and unconstitutional, because the Court used a statutory offense characteristic of §924(c) as the basis to impose a five-level enhancement in offense level for brandishing a firearm during a robbery, pursuant to United States Sentencing Guideline §2B3.1(b)(2)(C), while also assessing a mandatory minimum seven-year 18 U.S.C. §924(c)(1)(a)(ii) enhancement for brandishing a firearm during and in relation to a Hobbs Act Conspiracy, in calculating his sentence. Petitioner contends that this is an "ambiguous enhancement" which "violates the Rule of Lenity."

As relief, petitioner requests that the five-level U.S.S.G. enhancement he received pursuant to §2B3.1(b)(2)(C) be merged with the §924(c) statutory enhancement he received for brandishing a firearm "during and in relation to" the Hobbs Act conspiracy.

Petitioner asserts, somewhat unclearly, that his remedy by way of §2255 is inadequate or ineffective because "[p]ursuant to Rule 4 Section 2255 [sic], the district court must review in relevant part whether the validity of the sentence imposed may only be brought under Section 2241 and in this case, any enhancement under the Federal Sentencing Guidelines for offense characteristic [sic] already incorporated by statute constitutes a "factual Innocence," [sic] Sentence and reviewable [sic]only under Section 2241." (Dkt.# 5 at 9).

## III. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[12]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, he is again raising the same challenges to the imposition of his sentence as he has previously raised and had rejected in collateral attacks. In particular, he is alleging that his sentence was

---

[12] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

unlawfully enhanced under the sentencing guidelines because the conduct of brandishing a firearm during and in relation to a crime of violence caused an impermissible and unconstitutional "stacking" of enhancements. Although the petitioner briefly references the savings clause in ¶16 of his court-approved form, he provides no argument in support of it and makes no further mention of it. Nevertheless, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of Title 18, United States Code, §§ 1951 and 924(c) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, despite petitioner's claim to the contrary, he has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Finally, not only are all of petitioner's present claims precluded by the waiver of collateral attack contained within his plea agreement, the claims are procedurally barred, as noted *supra,* they have already been raised in his previous §2255 motions and their appeals. Therefore, the petitioner's claims in this case are both abusive and repetitive, and because the petitioner has not obtained authorization to file a second or successive federal habeas petition from the Fourth Circuit Court of Appeals, this Court is without authority to hear this case. See United States v. Winestock, 340 F.3d 200, 2005 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims."); see also Griffin v. United States Parole Comm., 2003 WL 23961840 (E.D.Va. Nov. 19, 2003) (citing 28 U.S.C. § 2244(a) and McClesky v. Zant, 499 U.S. 467, 489 (1991)) ("the abuse of the writ doctrine generally precludes inmates from relitigating the same

issues in subsequent [habeas] applications, or from raising new issues in subsequent habeas petitions").[13]

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.**

Further, the undersigned recommends that petitioner's pending "Motion to Amend Pending 2241 and 28 U.S.C. §2243 and Rule 81 (a)(2)" (Dkt.#6); Motion for Viability of New Claims Pending 2241 (Dkt.# 7); and Motion for Abeyance Until the U.S. Supreme Court Decides the Alleyene[14] Case (Dkt.# 9), all be **DENIED as moot.** (Dkt.# 6).

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by November 13, 2012**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the**

---

[13] The undersigned can find no better example for the application of the abuse of the writ doctrine than this petitioner.

[14] Petitioner's reliance on a favorable decision in Alleyne case misplaced, thus there are no grounds to hold this case in abeyance. Even if the Supreme Court decides Alleyne in Alleyne's favor, it will not provide relief to petitioner. The Supreme Court granted cert in Alleyne to decide whether its decision in Harris v. United States, 536 U.S. 545 (2002), holding that the Constitution does not require facts which increase a mandatory minimum sentence to be determined by a jury, should be overruled. Alleyne was convicted by a jury of one count of robbery affecting interstate commerce, in violation of 18 U.S.C. §§ 1951(a), 2, and one count of using or carrying a firearm during in or in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The government additionally charged him with brandishing a firearm during the robbery, and included that charge on the verdict form. However, the jury found Alleyne not guilty of brandishing. At sentencing, the court imposed a 46-month sentence on the robbery charge. On the 924(c) count, the court stated that it was bound by Harris to determine whether Alleyne should be subjected to the sentencing enhancement for brandishing a firearm, notwithstanding the jury's determination that he was not guilty of that conduct. The court, over Alleyne's objection, imposed a consecutive 84-month sentence for the firearm offense after finding, by a preponderance of the evidence, that Alleyne reasonably could have foreseen that his accomplice would brandish a gun during the robbery. The Fourth Circuit affirmed, citing Harris. Here, Chen's case did not involve a judicial determination (after a jury verdict finding otherwise) that brandishing had occurred – as noted *supra,* Chen pled guilty and at his plea hearing, he admitted to both the brandishing of the gun and admitted to conspiring in advance of the two home invasion robberies to use force and weapons to effectuate them. (S.D.N.Y. Dkt.# 98 at 15)(1:03cr567-DC)(1:06cv2243) and (S.D.N.Y. Dkt.# 130 at 2-3)(1:03cr567-DC)(1:09cv10278).

**right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: October 30, 2012.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE