**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JIN CHEN,**

       Petitioner,

**v.**

                                       **CIVIL ACTION NO. 3:12-CV-94**
                                       **(JUDGE GROH)**

**RUSSELL PURDUE, Warden,**

       Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.**    **Introduction**

       On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert.  By standing order pursuant to Local Rule of Prisoner Litigation Procedure 2, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on October 30, 2012 [Doc. 18].  In that filing, the magistrate judge recommended that this Court dismiss with prejudice the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 [Doc. 5].

       Pursuant to 28 U.S.C. §636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140,

150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's order.  28 U.S.C. §636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).  On November 13, 2012, the Petitioner filed a motion for extension of time in which to object [Doc. 20], which this Court granted by Order dated November 14, 2012 [Doc. 21].  The Court ordered objections filed by December 7, 2012.  The Petitioner filed objections on December 3, 2012 [Doc. 23].  The Petitioner thus timely filed his objections.  Accordingly, the Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  The Court will review the remainder of the R&R for clear error.

## II.    Factual and Procedural History

### A.    Conviction and Sentence

On May 7, 2003, the Petitioner was named in eight counts of a sealed indictment in the Southern District of New York.  On February 25, 2004, pursuant to a plea agreement,[1] the Petitioner entered a guilty plea to two counts of conspiracy to commit robbery in violation of 18 U.S.C. §1951, and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §924(c).[2]   The Petitioner and the

---

[1]

Pursuant to the plea agreement, the Petitioner expressly waived his right to appeal a sentence within or below the stipulated sentencing guideline range.

[2]

In December 2000 and January 2001, the Petitioner, a Chinese national, and fourteen other Chinese defendants planned and executed two separate robberies, one in New Jersey and

Government stipulated to an offense level of twenty-five (25), a criminal history of two (II), and a sentencing range of one hundred forty-seven (147) to one hundred sixty-two (162) months imprisonment.  On March 28, 2005, the Petitioner was sentenced to one hundred forty-seven (147) months imprisonment, five years of supervised release, assessed a $300.00 assessment, and directed to pay $5,700.00 in restitution.

### B.    Direct Appeal

The Petitioner did not initially appeal his conviction.

### C.    First §2255 Motion

On March 22, 2006, the Petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the Southern District of New York.  By Memorandum decision entered October 6, 2006, the §2255 motion was dismissed as being both meritless and procedurally barred, because the Petitioner waived the right to appeal or otherwise challenge his sentence.  The district court declined to issue a certificate of appealability.  Next, the Petitioner moved in the Second Circuit Court of Appeals for a certificate of appealability, permission to proceed *in forma pauperis*, and appointment of counsel.  By Order dated June 26, 2007, the Second Circuit granted the Petitioner's motions for a certificate of appealability and permission to proceed *in forma pauperis.*  The Second Circuit remanded the matter to the district court for a review of the Petitioner's claim that his counsel had been ineffective in failing to file a notice of appeal, in light of the Second Circuit's decision in ***Campusano v. United***

---

one in Arizona.  The December 2000 robbery was carried out at a home in New Jersey; the Petitioner admitted using a firearm during this robbery and admitted that he and his co-conspirators had agreed to use force or the threat of force.  The January 15, 2001 robbery was carried out at a home in Phoenix, Arizona; again, the Petitioner admitted that he and his co-conspirators had agreed in advance to use force or the threat of force to carry it out.

*States*, 442 F.3d 770, 773-77 (2d Cir. 2006).[3]

On remand, on December 17, 2007, the district court entered an order directing the Petitioner's trial counsel to submit an affidavit regarding whether the Petitioner had asked him to file a notice of appeal and to provide the details thereof.  On December 21, 2007, having learned that the Petitioner's trial counsel died approximately a year earlier, leaving no one to verify the Petitioner's claim that he instructed his counsel to file a notice of appeal, the district court found that the Petitioner had so instructed his counsel and permitted him to file a direct appeal.

### D.     Direct Appeal

On appeal, appellate counsel argued that the appellate wavier in the Petitioner's plea agreement did not preclude Petitioner's right to challenge the procedural and substantive reasonableness of his sentence.  By Order entered August 29, 2008, the Second Circuit granted the Government's motion to dismiss the appeal based upon the Petitioner's waiver of the right to file it and, in a summary order, dismissed the appeal.  The Petitioner did not petition the Supreme Court for a writ of *certiorari*.

### E.     Second §2255 Motion

On December 18, 2009, the Petitioner filed a second Motion to Vacate under 28

---

[3]

In **Campusano**, the Second Circuit held that "where counsel does not file a requested notice of appeal and fails to file an adequate **Anders** brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review.").  **Id.** at 775 (citing **United States v. Garrett**, 402 F.3d 1262, 1267 (10th Cir. 2005) for the proposition that the "presumption of prejudice [based upon counsel's failure to file an appeal as requested by defendant] applies even where the defendant waived appeal in a plea agreement 'regardless of whether, from the limited perspective of collateral review, it appears that the appeal will not have any merit.'").

U.S.C. §2255 in the Southern District of New York, arguing that his right to due process was violated by the calculation of his sentence, that the court lacked jurisdiction to punish him based on facts not admitted or charged, and that his counsel had provided ineffective assistance.  By Memorandum Decision entered on November 22, 2011, the Petitioner's second §2255 motion was denied because the Petitioner had validly waived the right to file it pursuant to the plea agreement's waiver.[4]  Again, the district court declined to issue a certificate of appealability.

On January 23, 2012, the Petitioner sought a writ of mandamus in the Second Circuit Court of Appeals directing the district court to rule on his (second) §2255 motion. By Order dated March 2, 2012, the Petitioner's mandamus petition was denied as moot, because the district court had already decided the Petitioner's §2255 motion in its November 22, 2011 Memorandum Decision.  Because it appeared that, by oversight, the district court's November 22, 2011 Memorandum Decision was never sent to the Petitioner, the Second Circuit noted that its order did not prevent the Petitioner from filing a motion pursuant to Fed. R. Civ. P. 60(b) or pursuant to Fed. R.  App. P. 4(a)(6).

Accordingly, in a March 6, 2012 letter to the district court, the Petitioner asked the court to reopen the case under Rule 60(b) because he had not received the November 22, 2011 decision in time to file a notice of appeal.  On April 5, 2012, the district court entered an Order construing the Petitioner's March 6, 2012 letter as a Rule 4(a)(6) motion to reopen the time to file a notice of appeal from the district court's November 22, 2011 order.  On

---

[4]

The district court held the Petitioner's second §2255 motion to be timely and not successive, because the Petitioner's initial §2255 motion had simply restored his direct appeal.

5

March 13, 2012, the March 6, 2012 letter was docketed as a timely notice of appeal of the November 22, 2011 order denying the Petitioner's second §2255 petition.

On June 25, 2012, the Petitioner motioned the Second Circuit for a certificate of appealability.  On October 26, 2012, the Second Circuit denied the Petitioner's motion, finding the Petitioner had not made a "substantial showing of the denial of a constitutional right."

### F.    The Instant Proceedings

On September 11, 2012, the Petitioner, who is currently incarcerated at FCI Gilmer in Glenville, West Virginia, filed in this Court a Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 [Doc. 1].  In response to the District Clerk's Notice of Deficient Pleading [Doc. 3], the Petitioner completed a court-approved habeas form which was filed on September 21, 2012 [Doc. 5].  Also on September 21, 2012, the Petitioner filed a "Motion to Amend Pending Section 2241 and 28 U.S.C. §2243 and Rule 81(a)(2)" [Doc. 6].  On October 5, 2012, the Petitioner filed a "Motion for Viability of New Claims Pending §2241" [Doc. 7].  On October 11, 2012, the Petitioner filed a "Motion to Hold in Abeyance the Petitioner's §2255 Pending Supreme Court Review of **United States v. Alleyne**, 457 Fed. Appx. 348 (4th Cir. 2011), *cert. granted*, 133 S. Ct. 420 (Oct. 5, 2012)" [Doc. 9].  On October 17, 2012, the Petitioner was granted leave to proceed *in forma pauperis* [Doc. 14].  On October 30, 2012, the magistrate judge entered his R&R [Doc. 18].  On December 3, 2012, after having been granted an extension of time by this Court, the Petitioner filed his objections to the magistrate judge's R&R [Doc. 23].

### III.    Discussion

Although the Petitioner's petition ostensibly alleges four different grounds for habeas relief, all four can be condensed into one contention: that his sentence is illegal and unconstitutional, because the sentencing court, in calculating his sentence, imposed a five-level enhancement in offense level for brandishing a firearm during a robbery, pursuant to United States Sentencing Guideline §2B3.1(b)(2)(C), and also assessed a mandatory minimum seven year enhancement for brandishing a firearm during and in relation to a Hobbs Act conspiracy pursuant to 18 U.S.C. §924(c)(1)(A)(ii).   As relief, the Petitioner requests that the five-level United States Sentencing Guideline enhancement that he received pursuant to §2B3.1(b)(2)(C) be merged with the §924(c) statutory enhancement he received for brandishing a firearm "during and in relation to" the Hobbs Act conspiracy.

However, the Court finds it does not have to address the merits of the Petitioner's petition, because despite the Petitioner's efforts to style his petition as one arising under §2241, it is actually a second or successive §2255 petition over which the Court lacks jurisdiction.

The Petitioner is not challenging any aspect of the execution of his sentence, such as the conditions of his confinement.  Rather, he is again raising the same challenges to the imposition of his sentence that he previously raised and were denied in prior collateral attacks.  *See **United States v. Winestock**,* 340 F.3d 200, 206-07 (4th Cir. 2003) ("the proper treatment of the motion depends on the nature of the claims presented.").

Section 2241 may be used by a prisoner to challenge the execution of his sentence. *See **Cowles v. Brooks**,* 241 F.Supp.2d 579 (E.D. Va. 2002).  However, §2255 is a federal

7

prisoner's exclusive remedy for collaterally attacking the imposition of his sentence, unless that remedy is "inadequate or ineffective." *Id.* Section 2255 is "inadequate and ineffective" where:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000).  Only where §2255 proves to be an "inadequate and ineffective" remedy may a petitioner attack the imposition of his sentence pursuant to §2241.  *Id.*

Section 2255 provides that:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Petitioner asserts in his petition that §2255 is an inadequate or ineffective remedy because "[p]ursuant to Rule 4 Section 2255 [sic], the district court must review in relevant part whether the validity of the sentence imposed may only be brought under Section 2241 and in this case, any enhancement under the Federal Sentencing Guidelines for offense characteristics already incorporated by statute constitutes a "factual Innonence," Sentence [sic] and reviewable [sic] only under Section 2241."

However, it is clear to the Court that the Petitioner is attacking the imposition of his sentence, as opposed to the execution of it.  In any event, the Petitioner cannot meet the second prong of the ***Jones*** analysis, because the conduct for which the Petitioner was convicted remains a criminal offense.  *See **Jones**, supra*.  The Petitioner's petition must be construed as one arising under §2255.  Because the Petitioner already filed a §2255 petition in the Southern District of New York and received a decision with regard to it on November 22, 2011, the instant petition constitutes a second or successive petition, over which this Court has no jurisdiction.  ***Winestock***, 340 F.3d at 205.

The Petitioner raises three objections to the magistrate judge's R&R.  First, the Petitioner argues that the magistrate judge misapplied ***Jones*** because the Petitioner's §2241 petition "submitted claims attacking the imposition of his sentence, insofar as, [sic] stacking a five level enhancement . . . constitutes an illegal sentence."  The Petitioner thus concedes that his petition attacks the imposition of his sentence, and not its execution.  For the reasons previously stated, the petition must therefore be construed as one arising under §2255.  Accordingly, the Petitioner's first objection is **OVERRULED**.

The Petitioner's second and third objections both address the merits of the Petitioner's allegations, which this Court is without jurisdiction to consider on a second or successive §2255 petition.  Accordingly, the Petitioner's second and third objections are **OVERRULED**.

## IV.   Conclusion

Upon careful review of the Report and Recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 18]** must be, and

hereby is, **ORDERED ADOPTED** for the reasons more fully stated in the report.  Further, the Petitioner's Objections **[Doc. 23]** are **OVERRULED**.  Accordingly, the Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. §2241 **[Doc. 5]** is hereby **DISMISSED WITH PREJUDICE** for the same reasons as stated above.

Moreover, the Petitioner's pending "Motion to Amend Pending Section 2241 and 28 U.S.C. §2243 and Rule 81(a)(2)" **[Doc. 6]**; "Motion for Viability of New Claims Pending §2241" **[Doc. 7]**; and "Motion for Abeyance Until the U.S. Supreme Court Decides the *Alleyne* Case" **[Doc. 9]** are all **DENIED AS MOOT**.

Finally, because the Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. §2253(c).

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner.  The Clerk is further directed to enter judgment in favor of the Defendant pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

**DATED:** February 15, 2013.

GINA M. GROH
UNITED STATES DISTRICT JUDGE